UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV 4844 (DLC)

**MEMORANDUM
OF LAW**

Plaintiffs,

-against-

EMPIRE INTERIOR SYSTEMS, INC.,

Defendant.
-----------------------------------------------------------------------------X

## MEMORANDUM OF LAW

This memorandum of law is submitted in support of the Petition dated May 23, 2008 to confirm the arbitration award dated April 27, 2008. For the reasons set forth herein, the petition should be granted and a judgment entered confirming the award together with attorneys' fees and costs.

I.    The arbitration award should be confirmed.

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Arbitration awards are granted great deference by the courts. Duferco Int'l Steel Trading v. T. Klaveness Shipping A/V, 333 F.3d 383, 388 (2d Cir. 2003). Judicial review of an arbitrator's award, entered pursuant to an agreement between an employer and a labor organization, is very limited. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001). Provided there exists "even a barely colorable justification" for the arbitrator's determination, the award should be upheld. 187 Concourse Assocs. v. Fishman, 399 F.3d 524, 526 (2d Cir. 2005) (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, 484 U.S. 29, 38 (1987)).

In D.H. Blair & Co., the Second Circuit ruled that a motion for default judgment made pursuant to an unopposed petition to confirm an arbitration award should be treated as though it was an unopposed motion for summary judgment. 462 F.3d at 109. As such, the court must examine the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. Id. at 110.

In the case at bar no genuine issues of material fact remain. There was a valid agreement to arbitrate the instant dispute. Defendant is a member of The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated (hereinafter referred to as the "Association"). The Association is a signatory to a Collective Bargaining Agreement (hereinafter referred to as "Agreement") with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO. (said Agreement is annexed as

Exhibit "A" to the Declaration of Andrew GraBois dated July 22, 2008 and the relevant excerpt

of the Association's membership list is annexed hereto as Exhibit "B" to the Declaration of

Andrew GraBois dated July 22, 2008). The Agreement provides that "each Employer signatory

to this Agreement shall make available to the Trustees of the various Fringe Benefit Trust Funds,

or their designated auditing representative, all pertinent books and records…required for an

audit, to enable said auditor to ascertain and independently verify that the proper contributions

hereunder have been paid and such records will be produced whenever deemed necessary by the

Trustees…" (see Article XVI, Section 1(a) of the Agreement annexed as Exhibit "A" to the

Declaration of Andrew GraBois dated July 22, 2008). The Agreement requires arbitration for the

purposes of settling disputes between the parties, concerning any claim arising from payments to

the Fund of prinicpal and/or interest which is allegedly due. (see Article XVI, Section 12 of the

Agreement annexed as Exhibit "A" to the Declaration of Andrew GraBois dated July 22,

2008). The Arbitrator was empowed by the parties to make the aforementioned award. The

subject arbitrator was specifically named in the Agreement as one of the individuals that the

parties agreed could serve as an arbitrator. (see Article XVI, Section 12(b) of the Agreement

annexed as Exhibit "A" to the Declaration of Andrew GraBois dated July 22, 2008). Thus, the

arbitrator was clearly acting with the scope of the authority granted to him pursuant to the

express terms of the Agreement. The Defendant had been sent a Notice of Intention to Arbitrate

by the Plaintiffs (a copy of which is annexed as Exhibit "C" to the Declaration of Andrew

GraBois dated July 22, 2008) and a Notice of Hearing by the Arbitrator (a copy of which is

annexed as Exhibit "D" to the Declaration of Andrew GraBois dated July 22, 2008). As reflected

in the award, no response from the Defendant was received by the Plaintiffs nor the Arbitrator.

Moreover, the arbitrator's procedural and substantive interpretations of the Agreement are

supported by the contract terms themselves as every employer is required to submit their books

and records for audit and inspection. (see Article XVI, Section 1(a) of the Agreement annexed as

Exhibit "A" to the Declaration of Andrew GraBois dated July 22, 2008). Lastly, there is no

evidence in the record suggesting corruption, fraud, or other impropriety on the part of the

arbitrator, nor would confirmation of the award be contrary to public policy. Unopposed motions

for summary judgment "fail where the undisputed facts fail to show that the moving party is

entitled to judgment as a matter of law." <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 110

(2d Cir. 2006) (quoting <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir.

2004). In this matter, the undisputed facts clearly show that Petitioners is entitled to judgment as

a matter of law. Thus, confirmation of the arbitration award is appropriate and Defendant must be

required to produce any and all books and records for the audit period March 29, 2004 through

April 27, 2008 and Plaintiffs are entitled to $2,350.00 in arbitration fees and costs as awarded by

the arbitrator.

II.    <u>Plaintiffs are entitled to Attorney's fees incurred<br>in confirming the award</u>

Plaintiffs are entitled to $1,985.00 in attorneys' fees and costs ($1,925.00 in attorneys'

fees and $60.00 in costs) they have incurred while pursuing this confirmation action. (See

Affidavit of Services annexed as Exhibit "E" to the Declaration of Andrew GraBois dated July

22, 2008). Attorneys' fees and costs are recoverable based on equitable grounds. A court may,

in the exercise of its inherent equitable powers, award attorneys fees when an opposing party

refuses to abide by an arbitrator's decision without justification (<u>Int'l Chemical Workers Union

Local No. 227 v. BASF Wyandotte Corp.</u>, 774 F.2d 43, 47 (2d Cir. 1985); <u>New York City Dist.

Council of Carpenters Pension Fund v. Eastern Millenium Const., Inc.</u>, 2003 WL 22773355, at

*2 (S.D.N.Y. 2003) ) or when the opposing party acts in bad faith when it fails to either pay the

4

award or file a motion to vacate or modify. In Matter of Arbitration between Soft Drink and Brewery Workders Union Local 812, IBT, AFL-CIO, 1996 WL 420209 (S.D.N.Y. 1996).

Conclusion

Plaintiffs are entitled to judgment against Defendant, compelling Defendant to produce any and all books and records for the audit period of March 29, 2004 through April 27, 2008 and for the total sum of $4,335.00 which encompasses the amount of $2,350.00, representing the amount awarded by the arbitrator and attorneys' fees and costs arising out of this action to confirm the arbitrator's award in the amount of $1,985.00.   For all foregoing reasons the motion should be granted and the award confirmed.

Dated: New York, New York
          July 22, 2008

Respectfully submitted,

O'DWYER & BERNSTIEN, LLP

ANDREW GRABOIS (AG 3192)