```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF     :
CARPENTERS PENSION FUND, NEW YORK CITY    :
DISTRICT COUNCIL OF CARPENTERS WELFARE    :
FUND, NEW YORK CITY DISTRICT COUNCIL OF   :   08 Civ. 4844 (DLC)
CARPENTERS VACATION FUND, NEW YORK CITY   :
DISTRICT COUNCIL OF CARPENTERS ANNUITY    :   MEMORANDUM OPINION
FUND, NEW YORK CITY DISTRICT COUNCIL OF   :        AND ORDER
CARPENTERS APPRENTICESHIP, JOURNEYMAN     :
RETRAINING, EDUCATIONAL AND INDUSTRY      :
FUND, NEW YORK CITY DISTRICT COUNCIL OF   :
CARPENTERS CHARITY FUND, UNITED           :
BROTHERHOOD OF CARPENTERS AND JOINERS     :
OF AMERICA FUND and THE NEW YORK CITY     :
AND VICINITY CARPENTERS LABOR-            :
MANAGEMENT CORPORATION, by MICHAEL J.     :
FORDE, as EXECUTIVE SECRETARY-            :
TREASURER, DISTRICT COUNCIL FOR NEW       :
YORK CITY AND VICINITY, UNITED            :
BROTHERHOOD OF CARPENTERS AND JOINERS     :
OF AMERICA,                               :
                                          :
                        Plaintiffs,       :
                                          :
              -against-                   :
                                          :
EMPIRE INTERIOR SYSTEMS, INC.             :
                                          :
                        Defendant.        :
-----------------------------------------X
```

DENISE COTE, District Judge:

On May 23, 2008, plaintiff pension plans ("plaintiffs" or the "Plans") filed a motion to confirm and enforce an arbitration award dated April 27, 2008. Service of the summons and complaint was made on the defendant on May 29. The defendant has not answered the complaint. On July 21, the Plans submitted a proposed order to show cause for a default judgment.

An Order of July 21 advised the parties that the motion for confirmation would be treated as a motion for summary judgment and set a briefing schedule for the motion. By that Order, Empire was required to submit its opposition to plaintiffs' motion no later than August 22; it has not opposed the motion. For the following reasons, the plaintiffs' motion for summary judgment is granted.

BACKGROUND

Empire is a member of the Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated (the "Association"). The Association entered into a Collective Bargaining Agreement (the "Agreement") with the plaintiffs on July 1, 2001. The Agreement obligated the defendant to make payments to Fringe Benefit Trust Funds (the "Funds") on behalf of employees. Upon the Funds' request, Empire was obligated under the Agreement to furnish the books and records necessary for an auditor to discern whether it had made the proper contributions to the Funds.

Pursuant to an arbitration provision in the Agreement, the Plans challenged Empire's compliance with these provisions of the Agreement and submitted the dispute to a designated arbitrator. The plaintiffs sent Empire a Notice of Intention to

Arbitrate on January 17, 2007. The arbitrator sent both parties a Notice of Hearing on March 7, 2008.

The arbitration occurred on April 25, 2008. Empire did not appear at the arbitration, nor did it request an adjournment or extension. The arbitrator received evidence from the plaintiffs and found that Empire had failed to allow an audit of its books and records in violation of the Agreement. He ordered Empire to produce the relevant books and records from March 29, 2004 through April 27, 2008. He also awarded the Plans $2,350.00 in fees and costs. The Plans now seek confirmation of that award, together with attorneys' fees and costs incurred in bringing this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004).

The Plans have sufficiently supported their petition and demonstrated that there is no question of material fact. Empire has not submitted any opposition to raise a question of fact. Therefore, the motion to confirm the arbitration award is granted.

The plaintiffs also seek interest and costs for the confirmation proceeding. They do not point to any statutory or contractual authority for such legal fees. Nonetheless,

> [p]ursuant to its inherent equitable powers, ... a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, ... when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir.1985) (citation omitted). Here, the defendant has presented no justification or reason for its failure to abide by the arbitrator's decision. Therefore, the request for attorney's fees and costs for the confirmation proceeding is granted in the amount of $1,985.

CONCLUSION

The petition to confirm the arbitration award is granted. Attorney's fees and costs for the confirmation proceeding in the amount of $1,985 are awarded to plaintiffs. The Clerk of Court shall enter judgment for the plaintiffs and close the case.

Dated: New York, New York
October 1, 2008

*Denise Cote*
DENISE COTE
United States District Judge